1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY ANN BIRD, | CASE NO. 3:12-cv-01528-W-NLS |
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING MATERIALS PRODUCED BY HEIDRICK & STRUGGLES, INC.** |
| v. | |
| PSC HOLDINGS I, LLC; PHILIP RECLAMATION SERVICES, HOUSTON, LLC; PSC LLC; PSC INDUSTRIAL DIVISION, LLC; PSC INDUSTRIAL OUTSOURCING, LP; PSC ENVIRONMENTAL SERVICE LLC; AND DOES 1 THROUGH 10, | |
| Defendants. | |

Third Party Heidrick & Struggles, Inc. ("Heidrick") having been subpoenaed to produce documents in the above-captioned matter; and the parties having acknowledged that the documents and information being sought through discovery from Heidrick from are, for competitive reasons and in furtherance of public policy regarding employee mobility, normally kept confidential by Heidrick ("materials").

The materials to be provided by Heidrick during the course of the litigation may contain trade secret or other confidential research, technical, cost, price,

marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).

The parties and Heidrick have stipulated and agreed to be bound by the terms of this Protective Order ("Order") in this action. The purpose of this Order is to protect the confidentiality of the materials produced by Heidrick in response to the subpoena.

THEREFORE:

## DEFINITIONS

1.   The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by Heidrick.

2.   The term "materials" will include, but is not to be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify Heidrick's customers or potential customers; lists or other material that identify candidates identified, analyzed and/or interviewed by Heidrick; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.   The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Counsel of record for Plaintiff and Defendants in this action.

"Counsel" includes in-house attorneys for Defendants PSC Holdings I, LP (incorrectly identified as PSC Holdings I, LLC), Philip Reclamation Services, Houston, LLC, PSC LLC, PSC Industrial Outsourcing, LP (incorrectly identified as PSC Industrial Division, LLC), and PSC Environmental Services LLC ("Defendants").

## GENERAL RULES

4.    Heidrick may designate any materials it believes should be subject to this Protective Order as "CONFIDENTIAL."

5.    Whenever a deposition taken on behalf of any party involves a disclosure of Heidrick's Confidential Information:

a.    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party or testifying third party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party or testifying third party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL"; and

b.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6.    Confidential Information designated by Heidrick as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner

- 3 -

set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7.    Information designated by Heidrick as "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts who first execute a copy of the form attached hereto as Exhibit A, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

      a.    Plaintiff Betty Ann Bird;

      b.    Executives who are required to participate in policy decisions with reference to this action;

      c.    Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

      d.    Stenographic and clerical employees associated with the individuals identified above; and

      e.    Any person indicated on the face of the document to be its originator, author or recipient.

8.    All information that has been designated by Heidrick as "CONFIDENTIAL," and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

9.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents that are designated as Confidential Information are filed with the

- 4 -

1    Court for any purpose, the party seeking to file such material must seek permission
2    of the Court to file the material under seal.

3            10.    At any stage of these proceedings, any party may object to a
4    designation of the materials as Confidential Information.  The party objecting to
5    confidentiality must notify, in writing, counsel for Heidrick of the objection and
6    the grounds for the objection.  If the objection is not resolved consensually within
7    seven (7) days of receipt of such a notice of objection, the objecting party may
8    move the Court for a ruling on the objection.  The materials at issue must be
9    treated as Confidential Information until the Court has ruled on the objection or the
10   matter has been otherwise resolved.

11           11.    All Confidential Information must be held in confidence by those
12   inspecting or receiving it, and must be used only for purposes of this action.
13   Counsel for each party, and each person receiving Confidential Information must
14   take reasonable precautions to prevent the unauthorized or inadvertent disclosure
15   of such information.  If Confidential Information is disclosed to any person other
16   than a person authorized by this Order, the party responsible for the unauthorized
17   disclosure must immediately bring all pertinent facts relating to the unauthorized
18   disclosure to the attention of Heidrick and, without prejudice to any rights and
19   remedies of the other parties, make every effort to prevent further disclosure by the
20   party and by the person(s) receiving the unauthorized disclosure.

21           12.    No party will be responsible to another party or to Heidrick for
22   disclosure of Confidential Information under this Order if the information in
23   question is not labeled or otherwise identified as such in accordance with this
24   Order.

25           13.    If Heidrick, through inadvertence, produces any Confidential
26   Information without labeling or marking or otherwise designating it as such in
27   accordance with this Order, it may give written notice to the receiving party that
28   the document or thing produced is deemed Confidential Information, and that the

document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential once Heidrick so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify Heidrick in writing of each such disclosure. Counsel for the receiving parties and Heidrick will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL

14. Nothing within this Order will prejudice the right of any party or Heidrick to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

15. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

16. This Order will be without prejudice to the right of any party or Heidrick to oppose production of any document or information based on lack of relevance or any ground other than the-presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

17. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

18. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

19. Transmission by facsimile or email is acceptable for all notification purposes within this Order.

- 6 -

3:12-cv-01528-W-NLS

20.    This Order may be modified by agreement of the parties and Heidrick, subject to approval by the Court.

21.    Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

22.    Within sixty (60) days of the final resolution of the above-captioned matter, including but not limited to final adjudication of any appeals or petitions for hearing, settlement, or for extraordinary writs, the Parties agree to return and/or destroy all Confidential Information provided by Heidrick.  The Parties further agree to certify such return and/or destruction in writing within the same sixty (60) day period following final resolution.  However, the law firm of each counsel of record may retain one (1) record copy of any items filed with the Court, as well as one (1) complete set of correspondence, pleadings and all exhibits thereto, including notices, discovery documents, and deposition transcripts, in this action upon written notice to Heidrick of such retention and subject to the terms of this order.  The Parties agree that if they retain any document received from Heidrick that is marked Confidential, they will segregate any such documents, as well as any pleadings filed that contain such documents and/or deposition transcripts that contain such documents and clearly denote those materials as "Subject to the Stipulation and Protective Order Governing Materials Produced by Heidrick & Struggles, Inc." and shall include a copy of this order with the segregated materials.  Within sixty (60) days of the final resolution of this matter, the parties shall send written confirmation to Heidrick that they have complied with this paragraph of the protective order.

1      23.   The Court may modify the protective order in the interests of justice

2  or for public policy reasons.

3

4  DATED: January _8_, 2013        EPSTEIN BECKER & GREEN, P.C.

5

6                              By: _____

7                                  Michael S. Kun
                                Aaron Olsen

8                                  Attorneys for Defendants
                                PSC HOLDINGS I, LP (incorrectly

9                                  identified as PSC HOLDINGS I,
                                LLC); PHILIP RECLAMATION

10                                  SERVICES, HOUSTON, LLC; PSC
                                LLC; PSC INDUSTRIAL

11                                  OUTSOURCING, LP (also
                                incorrectly identified as PSC

12                                  INDUSTRIAL DIVISION, LLC);
                                and PSC ENVIRONMENTAL

13                                  SERVICE LLC

14

15  DATED: January _8_, 2013        EDLESON & REZZO

16

17                                  By: _____

18                                  L.B. Chip Edleson
                                Joann F. Rezzo

19                                  Attorneys for Plaintiff,

20                                  BETTY ANN BIRD

21

22

23  DATED: January _9_, 2013        REED SMITH LLP

24

25                                  By: _____

26                                    Sarah R. Wolff

27                                  Attorneys for Heidrick & Struggles

28

- 8 -

3:12-cv-01528-W-NLS

1

2

3    IT IS SO ORDERED THIS _____ day of _____, 2012.

4

5                                  _____
                                   Judge, United States District Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11  BETTY ANN BIRD,                          CASE NO. 3:12-cv-01528-W-NLS

12          Plaintiff,                       **AGREEMENT TO BE BOUND BY**
                                             **PROTECTIVE ORDER**
13

14          v.

15  PSC HOLDINGS I, LLC; PHILIP
    RECLAMATION SERVICES,
16  HOUSTON, LLC; PSC LLC; PSC
    INDUSTRIAL DIVISION, LLC; PSC
17  INDUSTRIAL OUTSOURCING, LP;
    PSC ENVIRONMENTAL SERVICE
18  LLC; AND DOES 1 THROUGH 10,

19

20          Defendants.

21          I, _____, declare and say that:

22          1.    I am employed as _____ by _____

23          2.    I have read the Protective Order Governing Materials Produced by

24  Heidrick & Struggles, Inc. ("Protective Order") entered in <u>Betty Ann Bird v. PSC</u>

25  <u>Holdings I, LLC; Philip Reclamation Services, Houston, LLC, PSC LLC, PSC</u>

26  <u>Industrial Division, LLC; PSC Industrial Outsourcing, LP, PSC Environmental</u>

27  <u>Service LLC</u>, Case No. 3:12-cv-01528-W-NLS, and have received a copy of the

28  Protective Order.

- 10 -

3.    I promise that I will use any and all "Confidential" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons described in the Protective Order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6.    I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____