UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY ANN BIRD, <br><br> Plaintiff, <br><br> v. <br><br> PSC HOLDINGS I, LLC, et al, <br><br> Defendants. | Civil No. 12-CV-1528 W (NLS) <br><br> **ORDER RESOLVING FIRST JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTES AND PARTIALLY GRANTING DEFENDANTS' MOTION TO COMPEL** <br><br> (Dkt. No. 15.) |

Currently pending before this Court is the parties' joint motion for determination of discovery disputes. (Dkt. No. 15.) The Court heard oral argument on March 13, 2013. Joann Rezzo, Esq., appeared on behalf of Plaintiff, and Michael Kun, Esq., appeared on behalf of Defendants.

**I.    TIMELINESS OF THE JOINT MOTION**

The joint motion concerns Plaintiff's responses to Defendants' written discovery demands, served on November 29 or November 30, 2012. (Dkt. Nos. 15-2 ¶ 2; 15-6 ¶ 2.) As stated in the scheduling order issued in this action, any discovery dispute must be brought to the Court's attention by joint motion. (Dkt. No. 9 ¶ 2.) With respect to written discovery, a joint motion is due within forty-five days of the service of the initial

///

///

response.[1] *Id.* at 6. Accordingly, the deadline for a joint motion for determination of discovery dispute with respect to the November 2012 responses was January 14, 2013. This motion was filed on February 11, 2013. (Dkt. No. 15.) Defendants argue that the forty-five day period for bringing the joint motion began to run on December 24, 2012, the date Plaintiff served her supplemental responses to Defendants' demands. (Dkt. No. 15-1 at 9.) As discussed in an earlier Order from this Court, this position is incorrect. *See* Dkt. No. 19.

Defendants state that the demands in question were served by only one of the Defendants in this action; therefore, even if this joint motion is untimely, any of the other Defendants may serve the demands and the clock for the joint motion deadline would then start over. (Dkt. No. 15-1 at 11.) Indeed, Defendant PSC Environmental Services LLC subsequently served three demands similar to those in issue here. (Dkt. No. 15-2 at 13-24.)

Under Federal Rule of Civil Procedure 26(b)(2)(C), this Court has an obligation to limit discovery that is unreasonably cumulative or duplicative. Although there are five named Defendants in this action, they are related closely enough to warrant singular treatment in the complaint, and all employ the same counsel. Repeated demands for the same information made piecemeal by each Defendant through the same counsel is clearly duplicative, especially when it appears motivated by a desire to do an end-run around the deadlines set by this Court.[2] All parties are advised that any discovery demands which are substantially similar to previous demands will not re-start the clock for filing a

---

[1] The Chambers Rules found on the Court's website state that, with respect to written discovery, "the event giving rise to the discovery dispute is the service of the response[.]" This does not conflict with the language in the scheduling order. These Rules, as is stated on the first page, are meant as general guidance to counsel. The scheduling order issued in this action contains the specific deadlines and procedures governing this proceeding.

[2] This is clearly evidenced by the cover letter accompanying the second set of demands, wherein Defendants' counsel offered to withdraw the additional demands in exchange for Plaintiff's waiver of the timeliness argument in the instant motion. (Dkt. No. 15-2 at 11.)

discovery motion, and may be grounds for a protective order.[3]

Accordingly, the pending joint motion is untimely. However, this Court chooses to exercise its discretion and address the merits.

## II. MERITS

### A. General Discovery Principles

When a federal court sits in diversity, as is the case here, it must apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (internal quotation omitted). Federal Rule of Civil Procedure 26(b)(1) offers guidance as to the scope of discovery permitted in an action:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009) (internal citation omitted). Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). District courts have broad discretion when determining relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d

---

[3] This ruling does not prejudice the parties because it does not limit or prevent the Defendants from separately seeking new information from Plaintiff, or Plaintiff from seeking new information from separate Defendants.

732, 751 (9th Cir. 2002). However, this discretion should be balanced with the obligation to interpret the Rules in order to secure a "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Additionally, this Court has the power to restrict discovery when it is necessary to prevent "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c).

On January 18, 2013, the parties jointly moved for the entry of an agreed-upon protective order governing materials produced by a third party, Heidrick & Struggles, Inc. (Dkt. No. 13.) This Court granted the joint motion and entered a slightly modified protective order for those materials. (Dkt. No. 14.) There is currently no protective order in place for general discovery.

**B.  Discovery Regarding Plaintiff's Job Search Efforts**

There are two discovery demands in issue that relate to Plaintiff's efforts to find employment, both before and after her employment with Defendants. They are as follows:

> Interrogatory No. 12: DESCRIBE IN DETAIL [footnote omitted] all efforts YOU have made since January 2008 to obtain employment, including, but not limited to, the IDENTITY of any employers with whom YOU sought employment, the date YOU applied for a position, whether YOU were interviewed and whether YOU were offered a position.
>
> Request for Production No. 21: All DOCUMENTS that relate to, refer to, or describe YOUR job search efforts since January 2008, including, but not limited to, resumes, applications and advertisements.

(Dkt. No. 15 at 2, 7.) Defendants contend that the information sought in these demands is necessary to ascertain whether Plaintiff mitigated her damages. *Id.* at 3, 8. They also argue that they are entitled to know whether Plaintiff made any admissions or statements against interest during her job search after leaving her employment with Defendants. *Id.*

Plaintiff objects to the interrogatory on privacy grounds, and concerns that inquiries by Defendants may affect her ability to obtain employment. *Id.* at 2. She claims that mitigation is not relevant to Plaintiff's contract claim for severance pay and asserts that the money is due whether or not she obtains subsequent employment. (Dkt. No. 15-4 at 11.) However, this assertion requires interpretation of the contract in issue,

and that document is not presently before this Court. Even if Plaintiff is correct in her interpretation of the contract, there are other claims asserted in the complaint besides the breach of contract claim. *See* Dkt. No. 1-1. Additionally, it does not address Defendants' argument that Plaintiff may have made statements that are against her interest in this litigation during her job search process.

The Court is mindful of Plaintiff's concern that Defendants' investigation into her prospective employers may affect her ability to obtain employment. At oral argument, counsel for Plaintiff stated that there was one particular prospective employer that was currently in "last stage" negotiations with Plaintiff. Balancing Plaintiff's interest in obtaining employment with Defendants' need for discovery, this Court hereby **ORDERS** that Plaintiff fully respond to Interrogatory No. 12 and Request for Production No. 21 with information relating to all attempts to obtain employment with the exception of the most recent prospective employer described at oral argument. If Plaintiff is not ultimately hired by this prospective employer, it will be incumbent upon Plaintiff to supplement her response to include information relative to this employer.

### C. Discovery Regarding Plaintiff's Claims for Emotional Distress

There are three discovery demands related to Plaintiff's claim for emotional distress damages. They are as follows:

> Interrogatory No. 13: IDENTIFY [footnote omitted] any physician, psychiatrist, psychologist therapist, counselor or other health care provider YOU have been treated by or have otherwise consulted within the past ten (10) years, and DESCRIBE IN DETAIL all treatment YOU have received.
>
> Interrogatory No. 14: DESCRIBE IN DETAIL the factual basis for YOUR contention that YOU have suffered any emotional distress as a result of DEFENDANTS' alleged conduct.
>
> Request for Production No. 32: All DOCUMENTS that refer to, relate to, describe or support YOUR contention that YOU suffered any damages whatsoever, including, but not limited to, lost wages, physical injuries, psychological injuries, mental and physical pain and suffering, or loss of enjoyment, as a result of the conduct alleged in YOUR COMPLAINT.

(Dkt. No. 15 at 4, 6, and 8.) Plaintiff objects to these demands on the basis that they invade physician-patient privilege and her right to privacy. *Id.* at 4, 6, and 9. She also asserts that the information is not relevant because she will not present any evidence at

trial regarding particular distress or suffering, and is only seeking "generalized emotional distress damages appropriate to the circumstances in accordance with a reasonable person standard." *Id.* at 4, 6.

Defendants argue that Plaintiff put her medical condition in issue when she made a claim for emotional distress damages in her complaint, and that they are entitled to discovery on the issue. *Id.* at 5, 6-7, 9. According to Defendants, Plaintiff has not provided any specific facts relating to her claim for emotional distress damages, and her claim that she experienced emotional distress comparable to what a "reasonable person" would experience is too vague. (Dkt. No. 15-1 at 5.)

In a diversity case such as this one, state law governs matters of privilege. *Oakes v. Halvorsen Marine, Ltd.,* 179 F.R.D. 281, 284 (C.D. Cal. 1998); Fed. R. Evid. 501. In California, the right to privacy is contained within Article 1, Section 1 of the California Constitution.[4] Medical records and details of a patient's medical history are the types of information protected by the right to privacy. *Lantz v. Superior Court (County of Kern)*, 28 Cal. App. 4th 1839, 1853 (1994). This right is not absolute; it may be invaded depending on the circumstances. *Oakes*, 179 F.R.D. at 284. If invasion is called for, the scope of the disclosure should be "narrowly circumscribed" and "is permitted only to the extent necessary to a fair resolution of the lawsuit." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 605 (C.D. Cal. 1995) quoting *Cook v. Yellow Freight System, Inc.,* 132 F.R.D. 548, 552 (E.D. Cal. 1990). "[T]he scope of the inquiry permitted depends upon the nature of the injuries which the patient-litigant himself has brought before the court." *Britt v. Superior Court (San Diego Unified Port District)*, 20 Cal.3d 844, 864 (1978) quoting *In re Lifschutz*, 2 Cal. 3d 415, 435 (1970).

Plaintiff has made a claim for "emotional distress damages according to proof." (Dkt. No. 1-1 at 21.) Plaintiff's statement that she does not plan to present any evidence

---

[4]Article 1, Section 1 of the California Constitution states that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." (West 2002).

at trial regarding particular distress or suffering appears to be at odds with the claim made in her complaint. Defendants are entitled to discovery as to the basis of Plaintiff's emotional damages, and the proof that will be presented at trial. This discovery is necessary for a fair resolution of the lawsuit. However, in balancing Plaintiff's privacy interest with Defendants' entitlement to discovery, it is apparent that the demands made upon Plaintiff are overbroad and their scope must be narrowed. Accordingly, the Court **ORDERS** Plaintiff to respond to Interrogatory No. 13 and Request for Production No. 32, but Plaintiff may limit her responses to the two years prior to the termination of her employment with Defendants up to the present day.[5] The Court also **ORDERS** Plaintiff to respond to Interrogatory No. 14 in full.[6]

### D.   Attorney-Client Privilege and the Attorney Work Product Doctrine

In Plaintiff's responses to Requests for Production Nos. 21 and 32, she invoked attorney-client privilege and attorney work product protection as a basis for objecting to the requests, and produced a privilege log listing communications between herself and several attorneys. (Dkt. No. 15 at 7-10, Dkt. No. 15-2 at 26-33.) One of the attorneys listed is Julie Hussey. (Dkt. No. 15-2 at 26-33.) Ms. Hussey is an attorney at DLA Piper, and is employed as Defendants' outside counsel. (Dkt. No. 15-1 at 5, 12.) She is also romantically involved with Plaintiff. *Id.* at 12.

The party claiming the privilege has the initial burden of "establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship." *Costco Wholesale Corp. v. Superior Court (Randall)*, 47 Cal. 4th 725, 733 (2009). Once that is established, "the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." *Id.*

---

[5] Defendants may seek supplementation of the response up until the close of fact discovery.

[6] This Court encourages the parties to work together to prepare a protective order, and file a joint motion for the entry of such order.

Plaintiff argues that the existence of the attorney-client relationship is determined solely from her perspective. (Dkt. No. 15-4 at 13.) She stated in a declaration that she sought advice from Ms. Hussey in her capacity as an attorney, and had an expectation that communications with Ms. Hussey would remain confidential. (Dkt. No. 15-5 ¶ 4.) She also states that she did not believe there was any potential conflict in seeking legal advice from Ms. Hussey. *Id.* ¶ 5. Defendants assert that the issue is not yet ripe because Plaintiff and Ms. Hussey have not been deposed, and therefore they cannot determine whether the privilege has been properly invoked. (Dkt. No. 15-1 at 12.)

This Court agrees with Defendants. Although Plaintiff may have preliminarily established the existence of the relationship through her declaration, Defendants are entitled to flesh out the factual basis for her claims in order to have a fair opportunity to rebut the contention that an attorney-client relationship exists. Accordingly, this Court defers ruling on the propriety of any objections on the basis of attorney-client privilege or attorney work product. The objections stand at this point, and Plaintiff may continue to withhold information she believes is protected by privilege.[7] Defendants may challenge these objections after Plaintiff and Ms. Hussey are deposed, using the standard guidelines and timeline for discovery disputes.[8] The parties are reminded that the deadline for fact discovery remains May 31, 2013, and will not be extended without a showing of good cause.[9]

## III. CONCLUSION

In resolving these disputes, this Court is not making any determination as to the

---

[7] Plaintiff shall continue to provide updated privilege logs to Defendants.

[8] If Defendants decide to challenge the invocation of the attorney-client privilege and attorney work product doctrine, the parties are advised that they should fully brief the issue and not rely on previous arguments. The parties should also address whether this Court, sitting in diversity, has the ability to review documents *in camera* to determine whether privilege applies.

[9] Any other cause for a discovery dispute shall be brought to the Court's attention using the standard procedure. For example, if Plaintiff asserts an objection to a demand based on vagueness and the attorney-client privilege, the parties should immediately address the vagueness issue, rather than wait until the attorney-client privilege issue is ripe.

admissibility of these materials at trial.  Any such challenges a party wishes to make may be addressed by motions *in limine* submitted to the trial judge.

Finally, Defendants request that sanctions be imposed upon Plaintiff.  (Dkt. No. 15-1 at 13.)  This Court does not find good cause to support an award of sanctions, and therefore denies this request.

**ACCORDINGLY**, it is hereby **ORDERED**:

1. Plaintiff shall fully respond to Interrogatory No. 12 and Request for Production No. 21, but may withhold information relating to the one current application in progress.  These responses shall be provided no later than **April 8, 2013.**  If Plaintiff is not hired by this prospective employer, she must supplement her responses with information about her job search efforts with this employer.

2. Plaintiff shall fully respond to Interrogatory No. 14.  Plaintiff shall also respond to Interrogatory No. 13 and Request for Production No. 32 with information concerning the two years before her termination, up to the present.  These responses shall be provided no later than **April 8, 2013.**

3. Defendant may challenge Plaintiff's assertion of an attorney-client relationship with Ms. Hussey after Plaintiff and Ms. Hussey have been deposed, following the guidelines and timelines set by the scheduling order issued in this action.

4. Defendants' request for sanctions is **DENIED.**

**IT IS SO ORDERED.**

DATED:  March 18, 2013

_/s/ Nita L. Stormes_
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court