1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   BETTY ANN BIRD,                        Case No. 12-cv-1528-W(NLS)

12                          Plaintiff,      **ORDER GRANTING**
                                            **PLAINTIFF'S MOTION TO**
13        v.                                **VOLUNTARILY DISMISS**
                                            **SIXTH CAUSE OF ACTION**
14                                          **[DOC. 55]**

15   PSC HOLDINGS I, LLC, *et al.*,

16                          Defendants.

17

18        On May 22, 2012, Plaintiff commenced this action in the San Diego Superior

19   Court.  Thereafter, Defendants timely removed the action to this Court.  Plaintiff now

20   moves to voluntarily dismiss her sixth cause of action for sex discrimination.

21   Defendants oppose.

22        The Court decides the matter on the papers submitted and without oral

23   argument.  See Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS**

24   Plaintiff's motion to dismiss.

25

26   I.    **ANALYSIS**

27        Under Federal Rule of Civil Procedure 41(a) where, as in this case, a defendant

28   has filed an answer, an action may be dismissed at the plaintiff's request only by court

order and on terms that the court considers proper.  Fed. R. Civ. P. 41(a)(2).  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant cant show that it will suffer some plain legal prejudice as a result."  <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001).  Legal prejudice "means 'prejudice to some legal interest, some legal claim, some legal argument.'"  <u>Id.</u> at 976 (quoting <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 97 (9th Cir. 1996)).  "Uncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty does not result in plain legal prejudice.  <u>Westlands Water</u>, 100 F.3d at 96-97.  "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal."  <u>Smith</u>, 263 F.3d at 976 (citing <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d 143, 145 (9th Cir. 1982)).

According to Plaintiff, "Defendants refuse[d] to this dismissal," after Plaintiff had "proposed a 'no strings attached' dismissal, preserving any claim for costs or fees or anything else."  (Pl.'s Mot. 1:2–6.)  Plaintiff adds that "[b]y this motion, Plaintiff seeks to narrow the claims and issues, thereby simplifying the evidence, argument, and jury instructions at the time of trial."  (<u>Id.</u> at 1:13–21.)  After citing non-binding authority in the Sixth, Seventh, and Tenth Circuits, Defendants present the following argument that they would sustain "plain legal prejudice":

> Defendants unquestionably have invested significant resources in defending against all of Plaintiff's claims, including her discrimination claim.  Defendants and their counsel have expended a number of hours investigating the facts and allegations which led to Plaintiff's discrimination claim, including reviewing and identifying documents that are relevant to the claim or support their defenses.  In addition, the parties have engaged in extensive discovery, such as written discovery, Defendants' disclosure of an expert witness and an expert report, depositions of ten witnesses, and production of thousands of documents.  Now, after nearly two years of litigation, Plaintiff improperly seeks to dismiss her discrimination claim without prejudice and force Defendants into needless piecemeal litigation.  Because dismissal of Plaintiff's discrimination claim will result in plain legal prejudice to Defendants, Plaintiff's request to dismiss her claim without prejudice should be denied.

1   (Defs.' Opp'n 2:17–3:26.)  Defendants alternatively request that the Court exercise its

2   discretion, and either dismiss the sex-discrimination claim with prejudice or attach

3   conditions to the voluntarily dismissal of the claim "to prevent prejudice."  (Id. at

4   4:1–5:1.)

5       Upon reviewing Defendants' argument, it merely amounts to the inconvenience

6   of having had to defend against the discrimination claim up to this point, and the

7   potential of the claim being brought later producing "piecemeal litigation."  These

8   potential outcomes from dismissal are not the type that rise to plain legal prejudice

9   under Ninth Circuit authority.  See Smith, 263 F.3d at 976; Westlands Water, 100 F.3d

10  at 96-97.  Consequently, Defendants fail to demonstrate that they would sustain plain

11  legal prejudice from the dismissal of Plaintiff's sixth cause of action for sex

12  discrimination.[1]  See id.

13

14  **II.   CONCLUSION & ORDER**

15      In light of the foregoing, the Court **GRANTS** Plaintiff's motion, and

16  **DISMISSES WITHOUT PREJUDICE** Plaintiff's sixth cause of action for sex

17  discrimination.  Furthermore, the Court declines to exercise its discretion in the

18  manner Defendants request.

19      **IT IS SO ORDERED.**

20

21  **DATE: April 17, 2014**

22  _____

23  **HON. THOMAS J. WHELAN**
    United States District Court
    Southern District of California

24

25

26

27      [1] On a related matter, the Court notes Defendants failed to address Plaintiff's accusation that

28  they rejected a "no strings attached" dismissal that would preserve only the issue of whether any party is entitled to costs or fees.  Though the circumstances surrounding the proposed dismissal do not affect the disposition of this order, the Court nonetheless finds it noteworthy and suspicious.